IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RANDALL AVERY                                                              PLAINTIFF

v.                                    Case No. 09-01010

INTERNATIONAL PAPER COMPANY
SICKNESS AND ACCIDENT PLAN                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging Defendant's decision to deny his claim for long-term disability benefits was unreasonable. Before the Court are the Stipulated Administrative Record (Doc. 9), Plaintiff's Complaint (Doc. 1), Defendant's Answer (Doc. 5), Plaintiff's Motion for Order Directing Administrative Record to be Augmented and for De Novo Review (Doc. 10), Order Denying Motion to Supplement Record and for De Novo Review (Doc. 13), and Defendant's Memorandum Brief in Support for Defendant's Motion for Judgment on the Administrative Record and in Opposition to Plaintiff's Memorandum Brief in Support of Claim of ERISA Benefits (Doc. 15). Plaintiff's claim is **DENIED,** and Plaintiff's Complaint is **DIMISSED WITH PREJUDICE.**

I.   BACKGROUND

Plaintiff began employment as a Make Ready Helper for International Paper's Fordyce, Arkansas Ride Rite container

plant on August 15, 2005. (AR-IP000190). As an hourly employee and union member, Plaintiff was eligible to apply for the Weekly Sickness and Accident Plan benefits under the International Paper Company Group Health and Welfare Plan (the "Plan"). (AR-IP000016). The Plan administrator, the senior vice president of human resources for International Paper, is given the discretionary authority to interpret and administer the provisions of the Plan and to decide any claims or disputes that may arise under the Plan. (AR-IP000009-10). The Plan administrator appointed Sedgwick Claims Management Services, Inc., ("Sedgwick") as the claims administrator which is responsible for the initial Weekly Sickness and Accident benefit claims determination and the first appeal determination. (Exhibit A, ¶ 9). The Disability Review Committee ("DRC") is given the authority to decide benefit determinations on the second and final appeal. (Exhibit A, ¶ 5).

On May 12, 2006, Plaintiff was absent from work. (AR-IP000097). Consequently, on May 16, 2006, Sedgwick notified Plaintiff a claim for disability benefits was initiated for Plaintiff under the Plan after being notified of his absence. (AR-IP000097). On June 5, 2006, Sedgwick notified Plaintiff that he did not qualify for disability benefits under the Plan after it reviewed the medical records and a completed disability

form submitted by Plaintiff's physician, Dr. Dan A. Martin, M.D. (AR-IP000082).

On July 10, 2006, Plaintiff faxed Sedgwick his intention to appeal the denial of his claim for disability benefits. (AR-IP000081). On his appeal form, Plaintiff states he did not return to work due to "seizures of the brain, dilated (sic) blood vessels in the head, inflamed liver + hepatitis (sic) have to have a liver biopsy because it is causing physical problems, I can't work or drive." (AR-IP000081). Sedgwick received additional medical documentation regarding Plaintiff from Dr. Martin, Dr. Ghulam M. Khaheel M.D., and Dr. Don Greenway M.D. (AR-IP000085-96, 000117-18).

Sedgwick referred Plaintiff's medical records to Network Medical Review Company ("NMR") for an independent medical review. (AR-IP000107-08). NMR had Plaintiff's medical records reviewed by Dr. Gary P. Greenwood, a board certified physician in Internal medicine and infectious diseases; Dr. James W. Brown, a board physician certified in Internal medicine and Gastroenterology; and Dr. Joseph J. Jares, III, a board certified physician in Neurology. (AR-IP000122-33). The three physicians concluded that the medical records did not support restrictions or limitations that would prevent him from performing his job duties. (AR-IP000122-133). On October 26,

2006, Sedgwick notified Plaintiff the initial denial of benefits would be upheld. (AR-IP000119).

On December 21, 2006, Sedgwick received a letter from Plaintiff's attorney expressing Plaintiff's desire to appeal the determination of the Sedgwick Appeals Unit regarding his disability benefits. (AR-IP000109). Thereafter, Nina Bradley, Appeals Specialist at Sedgwick proceeded to conduct a review of the entire administrative record. (AR-IP000074; Exhibit B, ¶ 4).

Sedgwick also had additional independent physicians conduct another review of Plaintiff's medical records. Those physicians included Dr. Matthew O. Horowitz, a board certified physician in internal medicine and gastroenterology; Dr. Charles Brock, a board certified physician in neurology and pain management; and Dr. Joe Maslow, a board certified physician in internal medicine and infectious diseases. (AR-IP000062-72). Based on the medical records, all three physicians determined that no limitations or restrictions existed to prevent Plaintiff from performing his regular job duties. (AR-IP000062-72).

Nina Bradley recommended sustaining the denial of Plaintiff's claim to the DRC because the file did not support a finding of total disability. (AR-IP000053-54). The DRC reviewed the entire claim file along with Nina Bradley's recommendation and determined the denial of benefits was proper

as the Plaintiff was not totally disabled under the Plan provisions. (AR-IP000055).

## II. STANDARD OF REVIEW

Under ERISA, a denial of benefits by a plan administrator must be reviewed *de novo* unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case the administrator's decision is reviewed for an abuse of discretion. *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Accordingly, the Court must be guided by the language of the plan to determine the proper standard of review.

The Plan provides, in pertinent part, "[t]he Plan administrator has discretion to interpret and administer the provisions of the Plan and to decide any claims or disputes that may arise under the Plan. The decision of the Plan administrator with respect to any such matters shall be final and binding on both the company and the members of the Plan." (AR-IP000010). Therefore, the plan administrator's decision may only be reviewed for an abuse of discretion.

The Eighth Circuit Court of Appeals has "variously defined . . . an abuse of discretion as being 'extremely unreasonable,' 'virtually' the same as arbitrary and capricious, and 'extraordinarily imprudent.'" *Shell v. Amalgamated Cotton*

*Garment*, 43 F.3d 364, 366 (8th Cir. 1994) (citations omitted). "The proper inquiry into the deferential standard is whether 'the plan administrator's decision was reasonable; i.e., supported by substantial evidence.'" *Cash v. Wal-Mart Group Health Plan,* 107 F.3d 637, 641 (8th Cir. 1997) *(*quoting *Donaho v. FMC Corp.*, 74 F.3d 894, 899 (8th Cir. 1996)).

"While the word 'reasonable' possesses numerous connotations, this court has rejected any such definition that would 'permit a reviewing court to reject a discretionary trustee decision with which the court simply disagrees(.)'" *Id.* (citation omitted). A decision is reasonable "if 'a reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision.' If the decision is supported by a reasonable explanation, it should not be disturbed, even though a different reasonable interpretation could have been made." *Id.* (citation omitted).

### III. DISCUSSION

Plaintiff contends that the Court should augment the administrative record to include supplemental information when conducting a review of the Plan administrator's decision to deny benefits. The Plaintiff also contends that the Plan administrator abused its discretion by denying Plaintiff's claim for disability benefits.

Plaintiff argues that the administrative record should be augmented to include supplemental information not made available at the time of the claims procedure. However, "[i]t is firmly established within the Eighth Circuit that, under [the] deferential standard of review, the Court will only examine the evidence that was before the administrator when the decision was made." *Wakkinen v UNUM Life Ins. Co.*, 531 F.3d 575, 580 (8th Cir. 2008). The Court's review in the present case is limited to the information contained in the administrative record and supplementing the record with information that was not included, reviewed, or considered by the plan administrator at the time it reached its decision to deny coverage would be improper.

Plaintiff argues the medical records of Drs. Martin and Khaleel support a diagnosis of total disability and no job duties exist that Plaintiff can perform. Plaintiff highlights a statement from Jackie Hern, an International Paper employee, which states "[w]e don't have a job he could (sic) that would not put him in danger should he experience a seizure while working." (Doc. 14, p. 27).

The Plan provides "benefits will be payable if you become totally disabled, which means that you are unable to perform your job as a result of a nonoccupational sickness or injury and are under the regular care of a physician licenses to practice medicine." (AR-IP000010).

Defendant contends the medical records of Drs. Martin and Khaleel do not support a diagnosis of total disability and do not suggest Plaintiff is limited or restricted from performing his daily job duties. When a difference of opinion between a claimant's treating physicians and the plan administrator's reviewing physicians exists, as in this case, the plan administrator has discretion to find that the employee is not disabled unless "the administrative decision lacks support in the record, or . . . the evidence in support of the decision does not ring true and is . . . overwhelmed by contrary evidence." *Donaho*, 74 F.3d at 901. Defendant utilized six independent physicians to review the medical records from Drs. Martin and Khaleel, and Plaintiff's laboratory test results. All six reviews concluded that no limitations or restrictions existed to prevent Plaintiff from performing his job duties.

Defendant further contends that the statement of Jackie Hern is taken out of context and the entire correspondence was merely a simple inquiry to the status of Plaintiff's claim. Dr. Martin recommended Plaintiff avoid driving, avoid heights, avoid climbing ladders, avoid chemicals that could be potentially harmful to his liver, and that his employment should be on ground floor only. (AR-IP000184). Plaintiff's job duties, as described in the Job Analysis Form, do not involve any of those restrictions. (AR-IP000104-06). In addition, the six physician

reviews determined Plaintiff to be able to perform the job duties as described in the Job Analysis Form.

Furthermore, the law requires the decision of the Plan administrator be reasonable.  A decision is reasonable "if 'a reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision.' If the decision is supported by a reasonable explanation, it should not be disturbed, even though a different reasonable interpretation could have been made." *Cash,* 107 F.3d at 641 (citation omitted).  It is reasonable for the Plan administrator to agree with the conclusion of six independent physician reviews concluding Plaintiff's symptoms (based on the available medical records) does not restrict him from performing his job duties and therefore Plaintiff is not disabled as defined by the Plan.

### IV. CONCLUSION

For the reasons stated above, the Court concludes Defendant's decision was supported by substantial evidence and is **AFFIRMED**. Accordingly, Defendant's Motion for Judgment on the Administrative Record (Doc. 15) is hereby **GRANTED**, and Plaintiff's Complaint (Doc. 1) is **DIMISSED**.

IT IS SO ORDERED this 21st day of June, 2011.

                                      */s/ Robert T. Dawson*
                                      Robert T. Dawson
                                      United States District Judge